**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
CINCINNATI DIVISION**

| | | |
|---|---|---|
| IRIS E. HENRY, on behalf of herself and all other individuals similarly situated, | : : : : | |
| Plaintiff, | : : | CASE NO.: 1:24-cv-00391  JUDGE:_____ |
| v. | : : : | |
| AUXILIO SERVICES, INC. | : : : : | **JURY DEMANDED** |
| Defendant. | : : | |

**FAIR LABOR STANDARDS ACT AND CLASS ACTION COMPLAINT**

This is an action brought by Iris E. Henry ("Named Plaintiff") against Auxilio Services, Inc. ("Defendant") to recover compensation, liquidated damages, treble damages, attorneys' fees and costs, and other equitable relief pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. § 201 et seq. Plaintiff brings Indiana Code §§ 22-2-2 and 22-2-5 (collectively referred to as the "Indiana Wage Acts") claims as to recover compensation, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, and other equitable relief. Plaintiff also asserts an unjust enrichment gap-time claim under Indiana common law. The Indiana statutory and common law claims are brought pursuant to Federal Rule of Civil Procedure 23.

The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made upon information and belief as to the acts of others.

1

**I.  JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States (the FLSA).

2. This Court has supplemental jurisdiction over Named Plaintiff's Indiana state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

3. This Court has supplemental jurisdiction over Named Plaintiff's unjust enrichment claims pursuant to 28 U.S.C. § 1367 because the claim is so related to Named Plaintiff's claims under the FLSA that they form part of the same controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant's principal place of business is located within this District and Division.

**II.  THE PARTIES**

5. Named Plaintiff is an adult resident of Muncie, Indiana, residing at 3705 Harvest Drive, Muncie, Indiana 47303. Named Plaintiff was formerly employed by Defendant as a bus driver from approximately September 7, 2021, through August 7, 2022, and as a bus driver and trainer from August 7, 2022, through August 4, 2023. Her consent form is being filed along with this Complaint pursuant to 29 U.S.C. § 216(b) and is attached hereto as **Exhibit A**.

6. Defendant is a Delaware Corporation licensed to do business in Ohio with its principal place of business at 11260 Cornell Park Dr, Suite 700, Blue Ash, Ohio 45242. Process may be served upon its Registered Agent, Corporation Service Company at 1160 Dublin Road, Suite 400, Columbus, Ohio 43215.

7. Defendant also has operations outside of the state of Ohio. This includes a site in Muncie, Indiana, where Named Plaintiff was employed by Defendant.

## III. STATEMENT OF FACTS

8. During all times material to this Complaint, Defendant was an "employer" within the meaning of the FLSA and the Indiana Wage Acts.

9. During all times material to this Complaint, Defendant employed Named Plaintiff, and, upon information and belief, those similarly situated to her, within the meaning of the FLSA and the Indiana Wage Acts.

10. During all times material to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

11. During all times material to this Complaint, Named Plaintiff and, upon information and belief, those similarly situated to her were Defendant's employees pursuant to the Indiana Wage Acts.

12. Defendant was founded in Cincinnati, Ohio but operates in Ohio, Michigan, and Indiana.

13. During all times material to this Complaint, Defendant hired the Named Plaintiff, and, upon information and belief, those similarly situated to her, as bus drivers with the expectation that they transport passengers to and from different destinations.

14. During all times relevant to this Complaint, Named Plaintiff's and, upon information and belief, those similarly situated to her, based on its companywide policy, primary

3

duties did not include the authority to hire and fire, or that the employee's suggestions on hiring and firing are given particular weight.

15.   During all times relevant to this Complaint, Defendant classified Named Plaintiff, and, upon information and belief, those similarly situated to her as non-exempt employees subject to the FLSA and paid them 150% of their hourly rate for all hours worked over forty (40) in a workweek

16.   Because Named Plaintiff and those similarly situated to her, were non-exempt employees pursuant to the FLSA and those similarly situated to her in Indiana were non-exempt employee pursuant to the Indiana Wage Acts, Defendant was obligated to pay her and those similarly situated to her at a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek.

17.   Defendant pays Named Plaintiff and those similarly situated to her non-discretionary bonuses that: 1) are set on a predetermined formula; 2) are paid as an inducement to work more efficiently, safely, and perform better; 3) compel better attendance; and 4) are made part of their compensation package such that Named Plaintiff and those similarly situated to her rely on the bonuses are part of their compensation.

18.   Defendant based on its companywide policy, willfully failed to pay Named Plaintiff's, and, upon information and belief, those similarly situated to her, at a rate of 150% of her regular rate for all hours worked over forty (40) in a workweek in violation of the FLSA and the Indiana Wage Payment Act by excluding non-discretionary bonuses from the regular rate.

19.   By not paying Named Plaintiff and those similarly situated to her a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek, Defendant willfully violated federal and state wage laws.

IV. **CAUSES OF ACTION**

**<u>COURT SUPERVISED NOTICE PURSUANT TO 29 USC § 216(b)
ALLEGING FLSA VIOLATIONS</u>**

A. **FLSA COVERAGE**

20. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

21. Named Plaintiff requests that the Court issue Court Supervised Notice to the following group of nationwide current and former employees defined as:

> **All current and former hourly Bus Drivers who have been employed by Auxilio, Inc. at any time within the period of three (3) years preceding the filing of Plaintiff's Motion for Court Supervised Notice through the date of judgment and received a bonus during their employment with Auxilio.** ("Employees Entitled to Notice" or "Employees Entitled to Notice Group Members")

22. Named Plaintiff reserves the right to amend and refine the definition of the Employees Entitled to Notice Group Members they seek to have the Court serve notice based upon further investigation and discovery.

23. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 203(r) of the FLSA, 29 U.S.C. § 203(r).

24. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that

enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

25. During the respective period of the Named Plaintiff and the Employees Entitled to Notices' employment by Defendant, these individuals have provided services for Defendant that involved interstate commerce for purposes of the FLSA.

26. In performing the operations hereinabove described Named Plaintiff and the Employees Entitled to Notice have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

27. The precise size and identity of the proposed Employees Entitled to Notice Group Members should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendant.

28. Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because there exists at least a strong likelihood that they are similarly situated to the Named Plaintiff.

29. Sending Court Supervised Notice pursuant to 29 U.S.C. § 216(b) to the Employees Entitled to Notice is appropriate because they have been subjected to the common business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendant satisfied the FLSA's requirements to pay Plaintiff and those similarly situated to her, at a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek by including employees' non-discretionary bonuses in the regular rate, .

30. Named Plaintiff and the Employees Entitled to Notice, having willfully been not paid at a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

31. The Named Plaintiff and the Employees Entitled to Notice have been similarly affected by the violations of Defendant in workweeks during the relevant time period, which amount to a single decision, policy, or plan to willfully avoid including non-discretionary bonuses in the regular rate calculation for overtime compensation purposes.

32. Named Plaintiff seeks to have the Court send supervised notice pursuant to 29 U.S.C. § 216(b), as defined above, to the proposed group of similarly situated current and former employees, i.e., Employees Entitled to Notice.

33. Named Plaintiff is similarly situated to the Employees Entitled to Notice and will prosecute this action vigorously on their behalf.

34. Named Plaintiff intends to send notice to all the Employees Entitled to Notice pursuant to Section 216(b) of the FLSA. The names and addresses of the Employees Entitled to Notice are available from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the FLSA.

35. Named Plaintiff and the Employees Entitled to Notice have been damaged by Defendant's willful refusal to include non-discretionary bonuses in the calculation of their regular rate. As a result of Defendant's FLSA violations, Named Plaintiff and the Employees Entitled to Notice are entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## FED. CIV. RULE 23 CLASS ACTION ALLEGATIONS

36. Named Plaintiff brings his Ind. Code §§ 22-2-2 and 22-2-5 and common law unjust enrichment claims pursuant to the Federal Rule of Civil Procedure 23, on behalf of herself and a class of persons consisting of:

> **All current and former hourly Bus Drivers who have been employed by Auxilio, Inc. within the state of Indiana at any time within the period of three (3) years preceding the filing of Plaintiff's complaint through the date of judgment and received a bonus during their employment with Auxilio. ("Indiana Rule 23 Class").**

37. Named Plaintiff reserves the right to amend and refine the definition of the Indiana Rule 23 Class they seek to represent based upon further investigation and discovery.

38. The number and identity of the Indiana Rule 23 Class are ascertainable from Defendant's records. For the purpose of notice and other purposes related to this action, their names, addresses, email addresses, and phone numbers are readily available from Defendant. Notice can be provided by means permissible under the Federal Rule of Civil Procedure 23.

39. The Indiana Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

40. Named Plaintiff's claims are typical of those claims which could be alleged by any Indiana Rule 23 Class member, and the relief sought is typical of the relief which would be sought by each Indiana Rule 23 Class member in separate actions.

41. Named Plaintiff and the Indiana Rule 23 Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime at a rate of 150% of their regular rate for all hours worked over forty (40) in a workweek by failing to include non-discretionary bonuses in the employees' regular rate.

42. Named Plaintiff and the Indiana Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with Indiana state law.

43. Named Plaintiff and the Indiana Wage Payment Rule 23 Class members have all been injured in that they have been uncompensated due to Defendant's common policy, practice, and willful conduct. Defendant's corporate wide policies, practices and willful conduct affected the Indiana Rule 23 Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each of the Indiana Rule 23 Class members.

44. Named Plaintiff and the Indiana Wage Payment Rule 23 Class members sustained similar losses, injuries, and damages arising from the same unlawful practices, policies, and willful conduct.

45. Named Plaintiff is able to protect the interests of the Indiana Rule 23 Class members and have no interests antagonistic to the Indiana Rule 23 Class fairly and adequately.

46. Named Plaintiff and the Indiana Rule 23 Class members are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

47. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly within the context of wage and hour litigation on behalf of non-exempt workers where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

48. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

49. Common questions of law and fact exist as to the Named Plaintiff and the Indiana Rule 23 Class that predominate over any questions only affecting Named Plaintiff and the Indiana Rule 23 Class members individually and include, but are not limited to:

a. Whether Defendant improperly failed to pay the Named Plaintiff and the Indiana Rule 23 Class members at overtime at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek;

b. Whether Defendant improperly failed to include non-discretionary bonuses given to employees in their regular rate when calculating overtime pay.

c. Whether the wages owed to the Named Plaintiff and the Indiana Rule 23 Class members remain unpaid for more than ten (10) business days after a lawful demand for the unpaid wages was made;

d. Whether Defendant's companywide decision to not pay the Named Plaintiff and the Indiana Rule 23 Class at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek was willful;

e. Whether Defendant's companywide decision to not pay the Named Plaintiff and the Indiana Rule 23 Class at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek was without a good faith basis;

f. The nature and extent of class-wide injury and the measure of damages for those injuries.

50. Named Plaintiff and the Indiana Rule 23 Class members have been damaged by Defendant's willful refusal to pay at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek by failing to include non-discretionary bonuses in the regular rate and Defendant's willful refusal to pay the unpaid wages for more than ten (10) business days after a lawful demand for the unpaid wages was made.

51. As a result of Defendant's Indiana wage law and common law unjust enrichment violations, pursuant to the Federal Rule of Civil Procedure 23, Named Plaintiff and the Indiana

Rule 23 Class members are entitled to damages, including, but not limited to, unpaid wages, double damages, liquidated damages, costs, and attorneys' fees.

## COUNT I
## VIOLATION OF THE OVERTIME REQUIREMENTS OF THE FLSA

52. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

53. Named Plaintiff asserts this claim on behalf of herself and the Employees Entitled to Notice who opt into this action by filing a consent form pursuant to 29 U.S.C. § 216(b).

54. At all times material to this Complaint, Defendant regularly employed Named Plaintiff and the Employees Entitled to Notice to work more than forty (40) hours in a workweek.

55. The Named Plaintiff and the Employees Entitled to Notice are employees entitled to the FLSA's protections.

56. Defendant willfully failed to pay Named Plaintiff and the Employees Entitled to Notice members overtime pay at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek by failing to include non-discretionary bonuses in the regular rate calculation.

57. Defendant willfully failed to include income and non-discretionary bonuses given to employees in their regular rate when calculating overtime pay for Named Plaintiff and the Employees Entitled to Notice members.

58. Defendant willfully subjected Named Plaintiff and the Employees Entitled to Notice to a companywide policy that did not pay them at a rate of 150% their regular rate in violation of the FLSA.

59. During all times material to this Complaint, Named Plaintiff and the Employees Entitled to Notice were not exempt from receiving overtime benefits under the FLSA because,

*inter alia*, she was not an "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

60. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours worked over forty (40) in a workweek.

61. Named Plaintiff and the Employees Entitled to Notice employed by Defendant have worked over forty (40) hours in at least one workweek and were not paid at the appropriate one and one-half-times their regular rate.

62. Named Plaintiff and the Employees Entitled to Notice are entitled to recover all unpaid overtime wages, an equal amount in liquidated damages, and attorney's fees and expenses pursuant to 29 U.S.C. § 216(b).

63. In violating the FLSA, Defendant has acted willfully and with reckless disregard for clearly applicable FLSA provisions. Requirements

## COUNT II
## VIOLATION OF THE REQUIREMENTS OF IND. CODE § 22-2-2

64. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

65. Named Plaintiff asserts this Ind. Code § 22-2-2 claim on behalf of herself and the Indiana Rule 23 Class.

66. Named Plaintiff and the Indiana Rule 23 Class are/were covered employees of Defendant pursuant to the Indiana Wage Acts and thus entitled to its protections.

67. Ind. Code § 22-2-2-4(f) states no employer shall employ any employee for a work week longer than forty (40) hours unless the employee receives compensation for employment in

excess of forty (40) hours at a rate not less than one and one-half (1.5) times the regular rate at which the employee is employed.

68. Named Plaintiff and the Indiana Wage Payment Rule 23 Class employed by Defendant have worked over forty (40) hours in at least one workweek and were willfully not paid at the appropriate one and one-half-times their regular rate.

69. Defendant willfully failed to include non-discretionary bonuses given to employees in their regular rate when calculating overtime pay for Named Plaintiff and the Employees Entitled to Notice members.

70. As such, covered employees have not been compensated the amount due to the employee in violation of the Indiana Code. *See* Ind. Code § 22-2-2-4(f).

71. In violating the Indiana overtime laws, Defendant has acted willfully and with reckless disregard.

## COUNT III
## VIOLATION OF THE REQUIREMENTS OF IND. CODE § 22-2-5

72. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the proceeding paragraphs.

73. Named Plaintiff asserts this Ind. Code § 22-2-5 claim on behalf of herself and the Indiana Rule 23 Class.

74. The Indiana Wage Acts provides that all covered employees be compensated the amount due to the employee. *See* Ind. Code § 22-2-5-1(a).

75. Named Plaintiff and the Indiana Rule 23 Class are/were covered employees of Defendant pursuant to the Indiana Wage Acts and thus entitled to its protections.

76. Named Plaintiff and the Indiana Wage Payment Rule 23 Class employed by Defendant have worked over forty (40) hours in at least one workweek and were willfully not paid at the appropriate one and one-half-times their regular rate.

77. Defendant willfully failed to include non-discretionary bonuses given to employees in their regular rate when calculating overtime pay for Named Plaintiff and the Employees Entitled to Notice members.

78. As such, covered employees have not been compensated the amount due to the employee in violation of the Indiana Wage Payment Statute. *See* Ind. Code § 22-2-5-1(a).

79. Additionally, ten (10) business days have elapsed after the employee has made a demand for the wages due the employee in violation of the Indiana Wage Payment Statute. *See* Ind. Code § 22-2-5-1(b)(1).

80. Defendant's companywide decision to not pay the Named Plaintiff and the Indiana Rule 23 Class at a rate of 150% their regular rate for all hours worked over forty (40) in a workweek by failing to include non-discretionary bonuses in the regular rate calculation was without a good faith basis.

81. Named Plaintiff and the Indiana Wage Payment Rule 23 Class are entitled to recover all unpaid overtime wages, and other compensation, liquidated damages, interest, and attorney's fees and expenses, and all other remedies available as compensation for Defendant's violations of the Indiana Wage Payment Act.

82. In violating the Indiana wage laws, Defendant has acted willfully and with reckless disregard.

## COUNT IV
## VIOLATION OF 29 U.S.C. § 216(a)

83. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

84. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

85. By its acts and omissions described herein, Defendant has willfully violated the FLSA, and Named Plaintiffs and the Employees Entitled to Notice who join this lawsuit have been injured as a result.

## COUNT V
## UNJUST ENRICHMENT UNDER INDIANA LAW

86. Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the proceeding paragraphs.

87. Named Plaintiff asserts this unjust enrichment claim on behalf of herself and the Indiana Rule 23 Class.

88. Defendant has received and benefitted from Named Plaintiff and the Indiana Rule 23 Class's miscalculated regular rate such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

89. At all times relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Named Plaintiff and the Class without paying proper overtime compensation for all hours worked.

90. Contrary to all good faith and fair dealing, Defendant induced Named Plaintiff and the Class to perform work while failing to pay overtime compensation at one and one-half times the regular rate for all hours worked as required by law.

91. By reason of having secured the work and efforts of Named Plaintiff and the Class without paying proper overtime compensation as required by law, Defendant enjoyed reduced overhead with respect to its labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff and the Class. Defendant retained and continues to retain sch benefits contrary to the fundamental principles of justice, equity, and good conscience.

**PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of herself, the Employees Entitled to Notice, and the Indiana Rule 23 Class, pray that this Court enter the following relief:

A. For an Order sending Court Supervised Notice to the Employees Entitled to Notice as defined herein and requiring Defendant to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

B. For an Order certifying the Indiana Rule 23 Class, under Fed. R. Civ. P. 23, as defined herein and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class action members;

C. In the event the Defendant seeks to have discovery on the issues of whether the Employees Entitled to Notice are similarly situated to the Named Plaintiffs, that the Court issue an order tolling the FLSA statute of limitations for the Employees Entitled to Notice as of the filing of this Complaint through the end of the notice discovery period;

D. Issuing proper notice to the Employees Entitled to Notice at Defendant's expense;

E. Unpaid overtime wages and an equal amount as liquidated damages pursuant to the FLSA and the supporting regulations for the Named Plaintiff and the Employees Entitled to Notice that join the lawsuit;

F.      An Order certifying an Indiana Wage Rule 23 Class pursuant to Federal Rule of Civil Procedure 23;

G.      Designation of the Named Plaintiff as representative of the Indiana Wage Rule 23 Class and counsel of record as Class Counsel;

H.      A declaratory judgment that the practice complained of herein is unlawful under the Indiana Code;

I.      Pursuant to the Indiana Code, an Order awarding an amount set by the Court sufficient to compensate Named Plaintiff and the Indiana Rule 23 Class members and deter future violations by the Defendant of the Indiana Wage Acts;

J.      A finding that the Defendant acted willfully and without a good faith basis for its violations of the FLSA and the Indiana Code;

K.      Compensatory and punitive damages under Ind. Code § 22-2-5

L.      Awarding pre-judgment and post-judgment interest;

M.      An award of prejudgment and post-judgment interest;

N.      An award of costs and expenses of this action, together with reasonable attorney's fees and expert fees; and,

O.      Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice who join this lawsuit, and the Indiana Rule 23 Class members may be entitled.

WHEREFORE, Named Plaintiff prays that this Court enter the following relief as to her individual FLSA retaliation claim:

A.      A declaratory judgment that the practice complained of herein is unlawful under the FLSA;

B.      An award of additional liquidated damages in the amount of the total lost wages;

  C. An award of costs and expenses of this action, together with reasonable attorney' fess and expert fees; and,

  D. Any other relief to which the Named Plaintiffs, the Employees Entitled to Notice who join this lawsuit, and the Indiana Rule 23 Class members may be entitled.

Dated: July 22, 2024       Respectfully submitted,

            */s/ Robert E. DeRose*
            Robert E. DeRose (OH Bar No. 0055214)
            **BARKAN MEIZLISH DEROSE COX, LLP**
            4200 Regent Street, Suite 210
            Columbus, OH 43219
            Phone: (614) 221-4221
            Facsimile: (614) 744-2300
            bderose@barkanmeizlish.com

            *Attorney for Plaintiffs.*

## **JURY DEMAND**

Plaintiffs request a trial by jury on all of their claims.

            */s/ Robert E. DeRose*
            Robert E. DeRose